IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-103-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANNY ALLISON BATTLE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress evidence seized and statements made by defendant in connection with his arrest at his residence. Following an evidentiary hearing held on October 4, 2010, Magistrate Judge David W. Daniel filed a Memorandum and Recommendation (M&R) recommending denial of defendant's motion. Defendant has filed objections to the M&R, and the government has not responded. This matter is ripe for adjudication.

Defendant contends that Judge Daniel erroneously concluded that the arresting officers were justified in questioning defendant, without Miranda warnings, about the presence of a weapon and in seizing a firearm located in defendant's bedroom after defendant had been placed in custody and was being detained in another portion of the residence. Defendant contends that there was no objectively reasonable need to protect the police or the public from any immediate danger and that the officers' actions therefore violated his Fourth

and Fifth Amendment rights. Defendant further contends that a statement made after he received Miranda warnings was not voluntary and should have been suppressed.

"The public safety exception allows officers to question a suspect without first Mirandizing him when necessary to protect either themselves or the general public." United States v. Melvin, No. 05-4997, 2007 WL 2046735, *11 (4th Cir. July 13, 2007). Thus, in Melvin, the Fourth Circuit held that it was permissible for officers to question a suspect who had been handcuffed and posed no threat to the officers about the presence of a firearm without first giving Miranda warnings "because the gun created a clear danger to the public." Id.

As in Melvin, the evidence here establishes that the officers did not violate defendant's Fifth Amendment rights by questioning him about the presence of a weapon. Although defendant was in custody and had not yet received Miranda warnings, the officers had a reasonable basis to believe that defendant had a weapon in the residence, which could pose a threat to the safety of the officers and others.

Defendant having confirmed the existence of a firearm in the bedroom, the officers were also justified in conducting a warrantless search of the bedroom. Minnesota v. Olson, 495 U.S. 91 (1990)

2

(warrantless search justified by exigent circumstances in the form of danger to police or other persons inside or outside dwelling).

Finally, the statement made by defendant following Miranda warnings was not the product of coercive police activity. See Colorado v. Connelly, 479 U.S. 157, 167 (holding that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). Nor is it tainted by a prior constitutional violation.

For the foregoing reasons, the court concludes that the recommendation of the magistrate judge is in accordance with the law and should be approved. Defendant's motion to suppress [DE #29] is DENIED.

This 19th day of November 2010.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, N.C.
#31